IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO McKINNEY,

    Petitioner,                    No. CIV S-04-1678 LKK GGH P

    vs.

DAVID ORTIZ,

    Respondents.                  ORDER

/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 24, 2005, petitioner filed a request for the appointment of counsel or an investigator. In support of his request, petitioner states that he is taking psychotropic medication.

        On February 18, 2005, respondent filed an opposition to petitioner's request. Attached to respondent's opposition is the declaration of Dr. Bindler, the Senior Psychologist Supervisor at California State Prison-Corcoran, where petitioner is incarcerated. In his declaration, Dr. Bindler states that during the last 12 months petitioner has not been prescribed any psychotropic medication.

        On March 29, 2005, petitioner filed a request for an extension of time to file a reply to Dr. Bindler's declaration. Petitioner states that he receives psychotropic medication

1

seven days a week. Taped to petitioner's pleading is a pill that petitioner represents he takes for depression and abnormal sleep.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. In reaching this conclusion, the court need not determine whether petitioner is, in fact, taking psychotropic medication.

The court also finds that appointment of an investigator is not warranted at this time, regardless of whether or not petitioner is taking psychotropic medication. Petitioner is informed he should not tape objects to his future pleadings.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's March 29, 2005, request for extension of time to file a reply is denied as unnecessary;

2. Petitioner's January 24, 2005, motion for appointment of counsel and an investigator is denied.

DATED: 4/22/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
mck1678.den