1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALONZO McKINNEY,

11              Petitioner,                 No. CIV S-04-1678 LKK GGH P

12        vs.

13   A.K. SCRIBNER[1], et al.,

14              Respondents.               FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2003 conviction for battery upon

18   a correctional officer in violation of Cal. Penal Code § 4501.5.[2]  Petitioner is serving a sentence

19   of two years for this conviction.  The petition contains claims alleging ineffective assistance of

20   trial and appellate counsel.

21   /////

22

23        [1] "A petitioner for habeas corpus relief must name the state officer having custody of him
     or her as the respondent to the petition."  Stanley v. California Supreme Court, 21 F.3d 359, 360
24   (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  The court substitutes in Warden A.K.
     Scribner as the correct respondent.
25

26        [2] In exchange for petitioner's guilty plea, the prosecutor dismissed allegations that
     petitioner had two prior robbery convictions within the meaning of the Three Strikes Law.

                                           1

1    In the answer respondent argues, in part, that the claims raised in the petition are

2 not exhausted.  After reviewing the record, the court finds that the claims are not exhausted,

3 although on different grounds than raised by respondent.

4    *Legal Standard*

5    The exhaustion of state court remedies is a prerequisite to the granting of a

6 petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

7 be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion,

8 thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

9 providing the highest state court with a full and fair opportunity to consider all claims before

10 presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276,  92 S. Ct. 509, 512

11 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

12    *Analysis*

13    After the California Court of Appeal affirmed petition's conviction, petitioner did

14 not file a petition for review.  According to respondent, petitioner did not file habeas petitions in

15 the Lassen County Superior Court or the California Court of Appeal challenging his conviction.[3]

16 On January 2, 2004, petitioner filed a habeas corpus petition in the California Supreme Court, no.

17 S121624.  In this petition, petitioner challenged a 1986 conviction for robbery and receiving

18 stolen property.  See petition lodged May 31, 2005, p. 3.  Page 9 of the state petition is a cover

19 page for the exhibits attached to this petition.

20    Attached as an exhibit to the petition filed in the California Supreme Court

21 challenging the 1986 robbery conviction is a habeas corpus petition addressed to the Lassen

22 County Superior Court challenging the at-issue 2003 conviction for battery on a correctional

23 officer.  Id., p. 14.  For some reason, the California Supreme Court also stamped this petition

24 with case no. S121624.  This petition contains no stamp indicating that it was ever filed in

25 _____

26    [3] Since his conviction, petitioner filed habeas petitions in the Lassen County Superior
Court and the California Court of Appeal but they did not challenge the at-issue conviction.

2

1    Lassen County Superior Court.  Also attached as an exhibit is a copy of the order by the

2    California Court of Appeal affirming petitioner's conviction for battery on a peace officer.

3              On September 29, 2004, the California Supreme Court denied petitioner's habeas

4    corpus petition, no. S121624, by order citing In re Clark, 5 Cal.4th 750 (1993), In re Robbins, 18

5    Cal.4th 770, 780 (1998), and In re Swain, 34 Cal.2d 300, 304 (1949).   The citations to Clark and

6    Robbins indicate that the California Supreme Court found that petitioner failed to timely present

7    his claims.  In re Sanders, 21 Cal.4th 697, 703-704, 87 Cal. Rptr. 2d 899, 903-904 (1999). The

8    California Supreme Court cites Swain to indicate either that the claims are not timely or that the

9    facts supporting the claims are not alleged with sufficient particularity.  Id. (untimely); Kim v.

10   Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986) (not alleged with sufficient particularity).  A

11   citation to Swain indicating that claims were not alleged with sufficient particularity generally

12   means that the claims are not exhausted.  799 F.2d at 1319-1320.

13             In the instant case, respondent mistakenly assumes that case no. S121624 filed by

14   petitioner in the California Supreme Court challenged his 2003 conviction.  Based on this wrong

15   assumption, respondent argues that the claims are procedurally defaulted based on the Clark and

16   Robbins citations.  Alternatively, respondent argues that the claims are not exhausted pursuant to

17   the Swain citation.

18             As stated above, in order to satisfy the exhaustion requirement, a petitioner must

19   provide the highest state court will a full and fair opportunity to consider his claims.  Picard v.

20   Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971).  Petitioner did not fully and fairly present

21   his claims challenging the 2003 conviction by attaching a petition challenging this conviction as

22   an exhibit to the petition challenging the 1986 conviction.  This was not the proper vehicle by

23   which to challenge the 2003 conviction, and although the exhibit was stamped by a clerk with the

24   same number as the petition, it is highly doubtful that the justices of the state supreme court

25   viewed the exhibit as the petition at issue.  See Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct.

26   1056 (1989).

1    That the California Supreme Court separately stamped the petition challenging the

2    2003 conviction with case no. S121624 could suggest that it separately considered this petition,

3    and did not treat it as just as an exhibit.  However, the citations to <u>Robbins</u>, <u>Clark</u> and <u>Swain</u>

4    indicate that the California Supreme Court did not separately consider this petition because these

5    citations applied only to the petition challenging the 1986 conviction.  The petition challenging

6    the 2003 conviction (direct review completed in November 2003) was clearly not untimely.

7    Therefore, the citations to <u>Swain</u>, to the extent it stood for untimeliness, and <u>Robbins</u> and <u>Clark</u>

8    applied only to claims challenging the 1986 conviction.  Because the claims challenging both the

9    1986 and 2003 convictions were understandable, the court does not find that the California

10   Supreme Court cited <u>Swain</u> for the proposition that the claims raised in either petition were not

11   pled with sufficient particularity.

12          For the reasons discussed above, the court finds that the claims raised in the

13   instant petition have not been fairly presented to the California Supreme Court.  Because the

14   claims are not exhausted, the petition should be dismissed.

15          Accordingly, IT IS HEREBY RECOMMENDED that the petition be dismissed

16   for lack of exhaustion.

17          These findings and recommendations are submitted to the United States District

18   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

19   days after being served with these findings and recommendations, any party may file written

20   objections with the court and serve a copy on all parties.  Such a document should be captioned

21   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

22   shall be served and filed within ten days after service of the objections.  The parties are advised

23   \\\\\

24   \\\\\

25   \\\\\

26   \\\\\

1   that failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: 7/5/05

4                                                          /s/ Gregory G. Hollows

5                                                          _____
                                                           GREGORY G. HOLLOWS
                                                           UNITED STATES MAGISTRATE JUDGE
6

7   ggh:kj
    mck1678.157

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26